UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10148-RGS

HAMID REZ ARDANEH

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

ORDER

February 10, 2023

STEARNS, D.J.

On January 20, 2023, *pro se* litigant Hamid Rez Ardaneh filed a civil action against the Commonwealth of Massachusetts, a state Superior Court Judge, an assistant district attorney, and an attorney.  For the reasons stated below, the court DISMISS this action without prejudice.

Ardaneh, who is a pretrial detainee currently confined at the Middlesex County House of Correction, claims that the defendants are violating his federal constitutional rights with regard to the pending state criminal prosecution against him.  Ardaneh's statement of his claim consists of the following:

> By only a retaliated false accusation absolutely illegal on 2016 arrested and jailed me after seven years still without trial and without investigation I am in jail because intimidating and

> bribing my attorneys to not do anything for me to hiding violations made on purpose by the Commonwealth, to not enter my exculpatory statement and evidence, not do investigation to hiding actual crimes for protecting the guilty the alleged victim of bribed ma and intimated me.

Compl. at 4.  Ardaneh requests, *inter alia*, an attorney who will defend his rights, a judgment based on evidence instead of false allegations, and a "federal investigation and federal protection of [his] life and liberty."  *Id.* at 4-5.

The court will abstain from exercising jurisdiction over this action to avoid interfering with a pending state criminal prosecution.  "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity."  *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties."  *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so

would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).  Thus, "[f]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)).  Because adjudication of Ardaneh's claims would interfere in the state criminal prosecution against him, *Younger* abstention applies.

This court's invocation of *Younger* abstention should not come as a surprise to Ardaneh.  At least two other cases that Ardaneh filed in this court have been dismissed on the ground of *Younger* abstention.  *See Ardaneh v. United States Gov't*, C.A. No. 20-10937-WGY, Dkt #6; 4 (#6); *Ardaneh v. Calis*, C.A. No. 17-12171-LTS, Dkt #4.

In accordance with the foregoing, this action is DISMISSED without prejudice.  No filing fee is assessed.

                              **SO ORDERED.**

                                        /s/ Richard G. Stearns
                                        _____
                                        UNITED STATES DISTRICT JUDGE